### In re SUTTER HOTEL CO.

SUTTER HOTEL CO. v. DECKER ELECTRICAL CONST. CO. et al.

(Circuit Court of Appeals, Ninth Circuit. April 9, 1917.)

No. 2895.

1. BANKRUPTCY ⬙455—APPEALABLE ORDERS—CONDITIONAL ORDER.

An order that, if the alleged bankrupt shall appear and plead to the petition within five days, the adjudication will be set aside and the motion to quash service of subpœna granted, being conditional, was not final, and not appealable.

[Ed. Note.—For other cases, see Bankruptcy, Cent. Dig. § 916.]

2. BANKRUPTCY ⬙100(2)—VOLUNTARY PROCEEDINGS—DEFAULT—VACATING CONDITIONALLY.

Where an adjudication in bankruptcy was made on default of the bankrupt after the marshal had returned the petition and subpœna as having been served on the president of the bankrupt corporation, which return prima facie established service on the corporation, and thereafter the bankrupt moved to set aside the adjudication, because the one served had resigned the presidency before he was served, but the affidavit of a petitioning creditor seriously questioned the good faith of the resignation, and the court gave the bankrupt five days within which to appear and plead to the petition, in which event the adjudication would be set aside, the order of adjudication remained in effect after the expiration of that time without any attempt by the bankrupt to comply with condition.

[Ed. Note.—For other cases, see Bankruptcy, Cent. Dig. §§ 131, 144.]

Appeal from the District Court of the United States for the First Division of the Northern District of California; Maurice T. Dooling, Judge.

Involuntary proceedings in bankruptcy by the Decker Electrical Construction Company and others for the adjudication of the Sutter Hotel Company as a bankrupt. From an order denying the alleged bankrupt's motion to set aside the adjudication entered on default and to quash the service, except on condition that alleged bankrupt enter its appearance and plead to the petition, the alleged bankrupt appeals. Appeal dismissed.

The record in this case shows that on the petition of three of its corporation creditors, namely, Decker Electrical Construction Company, Home Laundry Company, and Rathjen Mercantile Company, filed in the court below September 4, 1916, the appellant company was, on the 13th day of October, 1916, adjudged bankrupt and the appropriate reference ordered—the court reciting in its order "that service of said petition with a writ of subpœna has been duly served on the alleged bankrupt; and that the last day upon which pleadings may be filed has expired, and no such pleadings have been filed by any parties hereto." Thereafter, and on the 30th day of the same month of October, the Hotel Company, by its attorney, gave notice that on the 4th of November, following, or as soon thereafter as he could be heard, motion would be made to the court for an order "quashing the service of subpœna on Thomas P. Woodward, the alleged president of the said Sutter Hotel Company," on the ground that, at the time the creditors' petition and the subpœna were served upon him as president of the Hotel Company, he was not an officer or director thereof—basing the motion upon an affidavit of one Easton, which stated, among other things, that he then was, and ever since May 13, 1916, had been, secretary of the Sutter Hotel Company, and "that said affiant, as secretary of said corporation, on the 13th day of May, 1916, received in writing the resignation of one Thomas P. Woodward, as director and president of said Sutter Hotel Company, a corporation, which said resignation of Thomas P. Woodward as director and president of said Sutter Hotel Company was accepted by the board of directors on said 13th day of May, 1916; that since the said 13th day of May, 1916, the said Thomas P. Woodward has not been a director nor officer of said Sutter Hotel Company; that affiant is informed and believes, and therefore alleges, that a subpœna was served on said Thomas P. Woodward by Lawrence J. Conlon, deputy United States marshal, on the 21st day of September, 1916; that said subpœna was served on said Thomas P. Woodward as president of said Sutter Hotel Company, a corporation, and affiant alleges that at said time of service of said subpœna on said Thomas P. Woodward, he was not a director or officer of said corporation."

On the coming on of the motion for hearing, the attorney for the petitioning creditors filed his own affidavit, reading, in part, as follows: "Affiant is informed and believes, and upon such information and belief alleges, that Charles A. Christin, Esq., who appears herein as attorney for said Sutter Hotel Company, has ever since the 13th day of May, A. D. 1916, been the attorney for the said Sutter Hotel Company, and that on said last-named date he was the attorney for the Jacob Z. Davis Estate Company, designated in said petitioning creditors' petition herein as the Davis Estate Company, and that on said date the said Charles A. Christin, as a part of the transactions with the Enterprise Brewing Company and the Davis Estate Company set forth in these creditors' petition on file herein, received from the said Sutter Hotel Company, for said Davis Estate Company, all shares of stock issued by said Sutter Hotel Company, properly indorsed, except 1 share issued to R. S. Woodward, 1 share issued to L. S. Melsted, and 1 certificate for 3,500 shares issued to Thomas P. Woodward, said shares so received by him constituting a majority of all the issued shares of the capital stock of said corporation; that upon the filing of these creditors' petition herein and the making of the order of said court therefor a writ of subpœna, directed to said

Sutter Hotel Company, was on the 7th day of September, A. D. 1916, issued out of said court, and thereupon placed in the hands of the United States marshal of said district for service, and that on said 7th day of September, A. D. 1916, this affiant informed said Charles A. Christin, by telephone to him personally, of the filing of said petition and the issuance of said writ, and inquired of said Christin whether Thomas P. Woodward was still president of said Sutter Hotel Company, to which the said Christin replied that one R. O. Hoskins was president of said Sutter Hotel Company; that on the same day affiant wrote and sent by mail a letter to said Christin requesting said and other information concerning said Sutter Hotel Company, but has never received a reply to said letter; that affiant thereupon directed said marshal to serve said writ upon said Hoskins, who, as affiant was then informed by said Christin, was then and at all said times connected with the law office of said Christin and there employed, and said marshal thereupon repeatedly made efforts to make such service upon him at said office, but was there informed, as affiant is by him informed and verily believes, that said Hoskins was absent from said city and county, and that it was uncertain as to when he would return, and said marshal reported such inability to serve said writ to this affiant on the 12th day of September, A. D. 1916; that on said last-named day affiant reported such inability to said Christin and requested him to enter the appearance of said Sutter Hotel Company in said proceeding, but he declined to do so, and he at the same time stated to affiant that he (had) gone to the office of the clerk of said court and there read the said petition of said creditors; that said last-named day the said Christin also told this affiant that he, said Christin, had been mistaken when he had informed this affiant of the aforesaid change in the office of president of said Sutter Hotel Company, and that said Hoskins was president thereof, and he then further told affiant that no one had been elected president of said Sutter Hotel Company in the place or stead of said Woodward; that the said Woodward has been president of said Sutter Hotel Company for several years; that said petitioning creditors, and this affiant, on their information and belief, deny that Erwin C. Easton, as secretary of said corporation or otherwise, on the 13th day of May, 1916, or any other time, received in writing or otherwise the resignation of said Thomas P. Woodward as director or president of said Sutter Hotel Company, or that said resignation was accepted by the board of directors or at all on said 13th day of May, 1916, or at any other time, or that since said time said Thomas P. Woodward has not been a director nor officer of said Sutter Hotel Company; on the contrary, on their information and belief, they allege that said Thomas P. Woodward at all said times was and still is president of said Sutter Hotel Company, therefore, upon the issuance of an additional writ of subpœna herein after the original writ had been returned unserved, affiant requested said marshal to serve said writ upon said Thomas P. Woodward as president of said Sutter Hotel Company, which service was accordingly made on the 21st day of September, A. D. 1916, as shown by said marshal's return on file herein, to which reference is hereby made."

Upon the showing thus made the court below, after argument by the counsel of the respective parties, "ordered that if the Sutter Hotel Company shall within five days appear and plead to the petition herein, the order adjudicating it a bankrupt will be set aside and the motion to quash service of the subpœna will be granted; otherwise, the motion will be denied, and the order of adjudication will stand as entered." It is from the order thus entered that the present appeal was taken.

Charles A. Christin, of San Francisco, Cal., for appellant.

S. Joseph Theisen, of San Francisco, Cal., for appellees.

Before GILBERT, ROSS, and HUNT, Circuit Judges.

ROSS, Circuit Judge (after stating the facts as above). **[1]** The order, being conditional, necessarily was not final. It was therefore not appealable.

241 F.—24

[2] The return of the marshal, showing that he had served the petition of the petitioning creditors and the subpœna upon the president of the alleged bankrupt corporation, while not conclusive evidence of the fact, was nevertheless prima facie evidence of it. And when that prima facie showing was sought to be overcome by the affidavit filed on behalf of the adjudicated bankrupt in support of its motion to vacate the order of adjudication and quash the service upon Woodward, upon the ground that the person upon whom the service was made was not at the time an officer of the alleged bankrupt, the court, on hearing the motion, so supported, and at the same time opposed by affidavit filed on behalf of the petitioning creditors seriously calling in question, not only the fact, but the good faith, of the pretended vacation by Woodward of the office of president of the alleged bankrupt, gave the adjudicated bankrupt five days within which to appear and plead to the petition, failing to do which, it ordered that the order of adjudication should stand as entered.

The order made in disposing of the motion afforded the alleged bankrupt an opportunity to make good its pretension that Woodward was not its president at the time of service upon him of the petition and subpœna by the marshal. As it did not even undertake to do so, the order of adjudication manifestly stood. We see no merit in any of the contentions on the part of the appellant.

Appeal dismissed.